IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**UNITED STATES OF AMERICA**

v.     **CRIMINAL NO. 1:13CR51-LG-RHW**

**KEITH ANTHONY KIEL**

### ORDER DENYING MOTION FOR TRANSCRIPTION OF DISCOVERY MATERIALS

BEFORE THE COURT is Defendant Kiel's Motion for Transcription of Discovery Materials, in which Kiel requests certain materials for use in preparing a petition for post-collateral review of his conviction and sentence. He requests transcripts of the grand jury hearing, jury questionnaires, and investigative materials such as interview notes, FBI 302 forms, and wiretap transcripts. Presumably, Kiel desires these materials be provided to him at no cost to himself.

The Supreme Court has held that "expenditure of public funds [on behalf of an indigent litigant] is proper only when authorized by Congress." *United States v. MacCollom*, 426 U.S. 317, 321 (1976). Accordingly, an indigent litigant must demonstrate a particularized need for transcripts or other documents. *Id*. at 323-330; 28 U.S.C. § 753(f). A defendant cannot conduct a "fishing expedition" to find something that may support post-conviction motions. *United States v. Driver*, 326 F. App'x 876, at *1 (5th Cir. 2009) (indigent litigant not entitled to free copies in absence of a pending § 2255 motion); *United States v. Caravajal*, 989 F.2d 170, 170 (5th Cir. 1993). Furthermore, grand jury proceedings are normally secret, and Kiel

does not indicate there was some irregularity that would justify disclosure of the proceedings.  *See Caravajal*, 989 F.2d at 170.

Kiel has not met his burden to show that he has a particularized need for the materials requested.   Instead, it appears that he wants to see what he can find.[1] Accordingly, his motion for transcription of discovery materials at taxpayer expense will be denied.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the defendant's motion [179] for transcription of discovery materials is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 6th day of April 2017.

s/ *Louis Guirola, Jr.*
Louis Guirola, Jr.
Chief U.S. District Judge

---

[1]   Kiel states that "[t]he receipt of these relevant documents are prevalent to the demonstration of a colorable claim presentation.   There stands the need that a reasonable probability that the results of the viewing, these documents will change the impact that the jury did not determine as reasoning of counsels misrepresentation of the essential factual basis."

2