IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**UNITED STATES OF AMERICA**

v.     **Criminal Nos. 1:13CR51-LG-RHW-2;
1:14CR1-LG-JCG-2; and 1:14CR42-LG-RHW-1**

**KEITH ANTHONY KIEL**

### ORDER DENYING DEFENDANT'S
### MOTION FOR COMPASSIONATE RELEASE

**BEFORE THE COURT** is the [211] Motion for Compassionate Release filed by the defendant, Keith Anthony Kiel. The Government has filed a response in opposition to the Motion, to which Kiel filed a reply. After reviewing the submissions of the parties, the record in this matter, and the applicable law, the Court finds that Kiel's Motion should be denied. Kiel's duplicative [148] Motion under Docket No. 1:14-cr-1 and his [56] Motion under 1:14-cr-42 are further denied.

From May 2008 through May 2013, Kiel, alongside other co-defendants, committed a series of bank robberies in Mississippi, Alabama, and Florida. Kiel was indicted under Docket Nos. 1:13-cr-51, 1:14-cr-1, and 1:14-cr-42. By motion of the parties, the Court consolidated the three cases for trial. At the conclusion of a jury trial on July 14, 2014, the jury convicted Kiel of bank robbery, brandishing a firearm during a violent felony, interstate transportation of stolen vehicles, and conspiracy to commit those acts. This Court sentenced Kiel to a term of imprisonment of 804 months, or 67 years, and ordered restitution in the amount of

$205,012. Kiel is currently serving his sentence at USP Hazelton in Bruceton Mills, West Virginia, and is set to be released on October 16, 2070.

On June 7, 2021, Kiel filed the instant [211] Motion for Compassionate Release, citing his high blood pressure and recent death of his son, as well as the need for him to provide care to his remaining family in their time of grief, as "extraordinary and compelling reasons" justifying release. The Government opposes Kiel's Motion on its merits,[1] claiming that Kiel declined a vaccination against COVID-19 and that the 18 U.S.C. § 3553(a) factors weigh against his release.

A court can reduce a sentence "if it finds that extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The Court also must consider the factors set forth in § 3553(a), to the extent they are applicable. *See* 18 U.S.C. § 3582(c)(1)(A). The Sentencing Commission has not issued a relevant policy since the First Step Act of 2018 ("FSA") amended 18 U.S.C. § 3582(c)(1)(A) to permit defendants to file motions for compassionate release.[2] The old pre-FSA policy statement appears in U.S.S.G. § 1B1.13, and only applies to "'motion[s] of the Director of the Bureau of Prisons.'" *United States v. Shkambi*, 993 F.3d 388, 391 (5th Cir. 2021) (quoting U.S.S.G. §

---

[1] *See United States v. Franco*, 973 F.3d 465, 468 (5th Cir. 2020).

[2] Prior to enactment of the First Step Act, only the Bureau of Prisons could file motions for compassionate release.

1B1.13). District courts are not bound by the policy statement nor the commentary but are bound only by § 3582(c)(1)(A)(i) and the § 3553(a) factors. *Shkambi*, 993 F.3d at 393. Courts nonetheless find § 1B1.13 informing to the analysis of what may be "extraordinary and compelling" to merit compassionate release. *United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021); *see also United States v. Rivas*, 833 F. App'x 556, 558 (5th Cir. 2020).

Here, the Court finds that Kiel's medical condition does not justify release. His high blood pressure is not terminal and does not substantially diminish his ability to provide self-care in the institutional setting or otherwise present extraordinary and compelling reasons justifying compassionate release. *Thompson*, 984 F.3d at 433 (citing U.S.S.G. § 1B1.13 cmt. n.1(A)). The Court recognizes that high blood pressure can potentially make Kiel more susceptible to serious illness should he contract COVID-19. *See People with Certain Medical Conditions*, Ctrs. for Disease Control & Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Sept. 2, 2021). The record reflects, however, that Kiel is receiving medical care for his condition. (*See* Medical Records, ECF No. 220).

Kiel's generalized fear of contracting COVID-19 also does not justify compassionate release. *See Thompson*, 984 F.3d at 435. There are currently two confirmed cases at USP Hazelton, where Kiel is currently being housed, amongst inmates. *See COVID-19 Cases*, Federal Bureau of Prisons, https://www.bop.gov.coronavirus/ (last visited Sept. 2, 2021). This Court has

repeatedly recognized that the BOP is taking significant measures to protect the health of the inmates in its charge. The Government points out that Kiel was offered the Pfizer COVID-19 vaccine on April 30, 2021, but refused. Like other courts, this Court is not inclined to find compelling circumstances for reducing Kiel's sentence based on COVID-19 concerns when he has declined precautions against infection. *See, e.g.*, *United States v. Pruitt*, No. 3:14-CR-0384-B-1, 2021 WL 1222155, at *3 (N.D. Tex. April 1, 2021). Moreover, Kiel's family circumstances can only justify compassionate release in extreme situations, such as incapacitation or death of the caregiver of a minor child. *See, e.g.*, *United States v. Bowyer*, 2020 WL 5942195, at *2 (E.D. La. Oct. 7, 2020). Kiel claims that he needs to be at home due to the death of his son. The Court sympathizes with Kiel's loss but notes that this is not considered an extreme family circumstance justifying release. *See id*. Therefore, the Court finds that Kiel's claims, and generalized concerns of contracting COVID-19, are not an "extraordinary and compelling reason" under 18 U.S.C. § 3582(c)(1)(A) justifying his release.

The § 3553(a) factors also disfavor a sentence reduction. *See* 18 U.S.C. § 3553(a). Kiel was convicted by a jury of six of the seven counts listed against him in the indictment. He had a total offense level of 40 and a criminal history category of VI. (Presentence Investig. Report ("PSR"), at ¶¶ 358, 376, at 58, 65, ECF No. 106). The PSR also reflects that he has multiple prior criminal convictions. Kiel's underlying conviction includes multiple serious violent charges, including bank robbery by force and violence or intimidation and brandishing a firearm in relation

to a crime of violence.  Furthermore, Kiel has only served 8 years of his 67-year sentence.  Requiring Kiel "to serve the remainder of his sentence would 'provide just punishment for the offense' and 'afford adequate deterrence to criminal conduct.'" *Chambliss*, 948 F.3d at 694; *see also* 18 U.S.C. § 3553(a)(2)((A), (B).  For all these reasons, the Court finds that a reduction in Kiel's sentence would not reflect the gravity of his offense, nor provide adequate deterrence thereto.

      **IT IS THEREFORE ORDERED AND ADJUDGED** that the [211] Motion for Compassionate Release filed by the defendant, Keith Anthony Kiel, is **DENIED**.  In addition, Kiel's duplicative [148] Motion under Docket No. 1:14-cr-1 and [56] Motion under 1:14-cr-42 are likewise **DENIED.**

      **SO ORDERED AND ADJUDGED** this the 3rd day of September, 2021.

                                           s/ *Louis Guirola, Jr.*
                                           LOUIS GUIROLA, JR.
                                           UNITED STATES DISTRICT JUDGE